IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
MAURICE P. SMITH,
                              *
      Plaintiff,
                              *      CIVIL NO.: WDQ-07-0764
          v.
                              *
WELLS FARGO HOME MORTGAGE,
                              *
      Defendant.
                              *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Maurice P. Smith, *pro se*, sued Wells Fargo Home Mortgage
("Wells Fargo") for foreclosing on his home.  Pending is Wells
Fargo's motion to dismiss, or in the alternative, a motion for a
more definite statement.  For the following reasons, Wells
Fargo's motion to dismiss will be granted.

I.  Background

Smith was discharged from Chapter 13 bankruptcy proceedings
on December 27, 2006.  During his bankruptcy, Smith's home
mortgage loan servicer changed from Washington Mutual to Wells
Fargo.  On March 13, 2007, Smith received a letter from Wells
Fargo informing him that his mortgage loan was in foreclosure.
On March 26, 2007, Smith sued Wells Fargo.

II.  Analysis

A. Standard of Review

Under Rule 12(b)(6), an action may be dismissed for failure

1

to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.

Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the plaintiff must allege facts that support each element of his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md.

1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The court may also
consider documents referred to in the complaint and relied upon
by the plaintiff in bringing the action.  *Id.*

Pro se complaints are held to a less stringent standard than
those drafted by attorneys, and courts are required to construe
them liberally.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.
1978).

B. Due Process

Smith argues that Wells Fargo's foreclosure violated his
constitutional right to due process.  Specifically, Smith
contends that his right to enjoyment of his home and property has
been infringed by Wells Fargo's actions.

Wells Fargo counters that Smith's due process claim fails as
a matter of law because it is not a state actor.  In response,
Smith argues that since the Department of Veterans Affairs ("VA")
guaranteed his mortgage loan in 1998, the private actions by
Wells Fargo are transformed into state action.

The Due Process Clauses of the Fifth Amendment and the
Fourteenth Amendment protect private property interests from
deprivation by the federal and state governments.  *See, e.g.*,
*Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (Fifth
Amendment); *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485
U.S. 478, 485 (1988) (Fourteenth Amendment).  For these
protections to apply, the deprivation must be by a governmental

actor. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974).
As a private mortgage loan servicing company, Wells Fargo is not
a governmental actor.

That Smith's loan was guaranteed by the VA did not transform
Wells Fargo's actions into governmental action.  The VA often
guarantees loans to private lenders for veterans who are
purchasing or constructing new homes.  38 U.S.C. § 3710(a)
(2006).  If the veteran defaults on the loan, the VA pays the
private mortgage lender the amount it guaranteed.  *Id.* §
3732(a)(1).  Smith emerged from bankruptcy on December 27, 2006.
Compl. Ex. 6.  Although Smith has not explained whether he
defaulted on his previous loan with Washington Mutual or whether
the VA guaranteed his loan with Wells Fargo, he has no cognizable
due process claims against Wells Fargo.

B. Violation of Federal and State Law

Smith contends that Wells Fargo "did maliciously, willfully,
and knowingly violate state and federal laws regarding the
foreclosure process." Compl. ¶ 2.  Although Smith does not
specify the particular laws which Wells Fargo violated, he does
reference the Uniform Land Security Interest Act in his Response.
Pl.'s Resp. Supp. Mem. at 2.  Wells Fargo counters that it cannot
respond to Smith's Complaint without a more definite statement of
which laws were violated; therefore, this claim should be
dismissed.

Maryland, where Smith's home is located, has not adopted the Uniform Land Security Interest Act.  Moreover, in the March 13, 2007 letter, Smith received notice of Wells Fargo's intention to foreclose--all that would have been required had Maryland adopted the Act.  Smith has not alleged a violation of federal or state law upon which relief can be granted.

C. Questionable Fair Debt and Collection Practices

Smith claims that Wells Fargo engaged in "questionable" collection practices by failing to apply his mortgage payments to the loan principal and instead applying it to a deficiency. Compl. ¶ 3.  Wells Fargo responds that engaging in unspecified "questionable practices" is not illegal.  Def.'s Supp. Mem. at 4. Disputes about whether mortgage payments are applied to principal or to prior deficiencies are not matters which the Court can resolve in this suit.

III. Conclusion

For the reasons discussed above, Wells Fargo's motion to dismiss will be granted.


<u>September 24, 2007</u>                    <u>          /s/          </u>
Date                                 William D. Quarles, Jr.
                                     United States District Judge

5